UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEVIN ARMITAGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 2:08-cv-45-WTL-WGH |
| | ) |
| APEX CONTROL SYSTEMS, INC. d/b/a | ) |
| APEX AUTOMATION, INC., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ENTRY ON MOTION TO AMEND COMPLAINT

Before the Court is the Plaintiff's Motion to Amend (Docket No. 86). This motion is fully briefed, and the Court, being duly advised, now **GRANTS** the Plaintiff's motion. The Second Amended Complaint is **DEEMED FILED** as of the date of this Entry.

Because the Plaintiff's motion was filed after the applicable deadline for moving to amend the pleadings,[1] he must demonstrate good cause for permitting the amendment. *See* FED. R. CIV. P. 16(b)(4); *Trustmark Ins. Co. v. General & Cologne Life Re of Am.,* 424 F.3d 542, 553 (7th Cir. 2005) ("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.'"). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id.* Therefore, the initial question is whether the circumstances surrounding the timing of the Plaintiff's motion demonstrate that the Plaintiff acted diligently in seeking to amend his

---

[1] Pursuant to the case management plan, motions for leave to amend pleadings were to be filed by July 11, 2008. *See* Docket No. 15 at 3. The Court subsequently granted the Plaintiff's unopposed motion to extend the time to amend the pleadings to August 25, 2008. *See* Docket Nos. 20 & 21. The instant motion was filed on September 28, 2010.

complaint.

The Plaintiff, Kevin Armitage, asserts that he had good cause for seeking to amend his complaint after the August 25, 2008, deadline because he first learned of the basis for his proposed new cause of action during discovery that occurred throughout 2010. Armitage also notes that his counsel has been experiencing serious health problems since April 2010. Plaintiff's counsel underwent surgery in May 2010 and, as of October 2010, was still not working full time. Given Plaintiff's counsel serious health problems, as well as the fact that the Plaintiff was still conducting discovery in the fall of 2010, the Court concludes that Armitage has shown good cause for filing his motion to amend when he did.

The next issue is whether Armitage is entitled to amend his complaint. Rule 15(a) directs that leave to amend pleadings "should be freely given when justice so requires." Leave to amend generally should be granted "unless there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In the instant case, Defendant Swindell Dressler International Company ("Swindell Dressler") argues that Armitage's amendment, which was brought "32 months after the case was filed, nearly 13 months after the deadline to amend pleadings, nearly 5 months after the disclosure deadline for experts, three months after the close of non-expert discovery, two months after the close of expert discovery, and less than five months before trial," Docket No. 87 ¶ 7, would be highly prejudicial. Swindell Dressler's chief complaint is that the

addition of a product liability claim against it after it has already moved for summary judgment[2] is unjust.

In support of this argument, Swindell Dressler cites *Hindo v. University of Health Sciences/The Chicago Medical School*, 65 F.3d 608 (7th Cir. 1995) and *Sanders v. Venture Stores, Inc.*, 56 F.3d 771 (7th Cir. 1995). In *Sanders*, the Seventh Circuit applied de novo review and affirmed the district court's denial of a motion to amend. The court found the fact that the motion to amend followed a "successful" motion for summary judgment, as well as the plaintiff's failure to provide any explanation for its tardy amendment, persuasive. In addition, the court made much of the delay and burden on the parties. *Id.* at 774-75. Similarly, in *Hindo*, the Seventh Circuit focused on the unique circumstances of Hindo's motion to amend. The defendant filed a motion to dismiss count III of the amended complaint on September 22. On November 3, after the discovery deadline had run, and "while the district court was considering the . . . motion to dismiss, Hindo filed a motion seeking leave to file a second amended complaint so that he could modify his count III." *Hindo*, 65 F.3d at 615. Relying on *Sanders*, the court explained that "[a] denial is particularly warranted in instances in which the plaintiff has failed to provide an explanation as to why the amendment did not take place sooner, and where the delay in granting the motion to amend would cause delay and burden the parties." *Id*.

Having reviewed both *Hindo* and *Sanders*, the Court concludes that these cases are unlike the present situation. First, unlike the plaintiffs in either *Hindo* or *Sanders*, Armitage has adequately explained why his filing has come so late. Not only has Armitage's counsel experienced serious health problems, he was still taking depositions of Swindell Dressler

---

[2] Swindell Dressler moved for summary judgment on July 15, 2010.

3

employees as late as September 2010. Thus, it appears that some of the salient information prompting the Plaintiff's motion to amend was not discovered until September 2010, after Swindell Dressler filed its motion for summary judgment. Second, unlike *Hindo* and *Sanders*, where the dispositive motions were either fully briefed or in the process of being ruled upon before the plaintiffs moved to amend, here the Defendant's motion for summary judgment is not even fully briefed. Any prejudice that Swindell Dressler faces as a result of Armitage's delay is, accordingly, minimal.

For the foregoing reasons, the Plaintiff's Motion to Amend (Docket No. 86) is **GRANTED** and the Second Amended Complaint is **DEEMED FILED** as of this date. Because the grounds for Swindell Dressler's Motion for Summary Judgment (Docket No. 80) are not affected by this amendment, the motion for summary judgment is construed as against the Second Amended Complaint. Finally, the Court notes that the parties were ordered to file a new case management plan by November 17, 2010 (Docket No. 93). To the extent that the parties wish to file additional motions for summary judgment, they should address this issue in their new case management plan.

SO ORDERED: 10/26/2010

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

4

Copies to:

Paul Thomas Belch
Law Office of St. Paul Travelers
pbelch@stpaultravelers.com

Gerald H. McGlone
Mcglone Law
jerry@2344000.com

Thomas Edward Rosta
Metzger Rosta LLP
Tom@metzgerrosta.com

Sawyer Nicole Thorp
Travelers Staff Counsel Office
sthorp@travelers.com