UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEVIN ARMITAGE, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. 2:08-cv-45-WTL-WGH |
| APEX CONTROL SYSTEMS, INC. d/b/a APEX AUTOMATION, INC., et al., | ) |
| Defendants. | ) |

## ENTRY ON PARTIAL MOTION FOR SUMMARY JUDGMENT

Before the Court is a Motion for Summary Judgment[1] (Docket No. 80) filed by Defendant Swindell Dressler International Company ("Swindell Dressler") and the Plaintiff's response thereto. The Defendant has not filed a reply in support of its Motion and the time for doing so has expired. The Court, being duly advised, now **GRANTS** the Defendant's motion for the reasons set forth below. This motion is fully briefed, and the

### I. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) states:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's

---

[1] Although not captioned as such, Swindell Dressler's motion is really one for *partial* summary judgment because it only seeks summary judgment on the Plaintiff's negligence claim and does not address his claim under the Indiana Product Liability Act.

favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II. BACKGROUND

Plaintiff Kevin Armitage, an employee of Brickcraft, LLC ("Brickcraft"), was injured on January 16, 2006, when he attempted to change a piece of wire on Brickcraft's setting machine. The setting machine is a piece of equipment that cuts clay into brick-shaped pieces and places these pieces onto a kiln car for firing. Brickcraft's setting machine includes a "push up style cutting machine" known as a "cutter." Docket No. 81 at 3. The cutter itself is comprised of a decel belt, a primary pusher, an elevator with a platen, a secondary pusher, and various steel support structures.

Brickcraft hired Swindell Dressler to refurbish and install the brick making equipment at Brickcraft's Indiana plant. Although Swindell Dressler designed portions of the setting machine, it subcontracted some of the work to Apex Control Systems, Inc. d/b/a Apex Automation, Inc. ("Apex"). The contract between Brickcraft and Swindell Dressler stated that subcontracting was permissible; however, Swindell Dressler "will remain responsible for any Work which is subcontracted." Docket No. 91 Ex. 1 at 2. Accordingly, Apex designed, fabricated, installed, wired, and programmed the cutter. Apex also programmed the programmable logic controller

("PLC"), an industrial computer that controlled the setting machine. Swindell Dressler did not inspect Apex's installation of either the cutter or the PLC.

Neither Swindell Dressler nor Apex provided any written instructions explaining how to safely change wires on the cutter. Nor did they provide written warnings concerning the dangers associated with changing wires on the cutter.

Based on statements from other Brickcraft employees, Armitage believed that removing two pins and moving the decel belt shut down the cutter and made it safe to change wires on the machine. In reality, the machine actually needed to be shut off at the electrical control panel before wires were changed. There were no instructions or warnings on the machine to inform Armitage of this fact. In addition, the backup safety system on the cutter was not operational because it had been bypassed by a "jumper" wire. Thus, on January 16, 2006, when Armitage attempted to change the wire on the cutter, the machine activated, caught his right arm, and severely fractured it.

Armitage ultimately filed suit in the Clay County Superior Court against Apex and Swindell Dressler. The case was removed to this Court in February 2008. Swindell Dressler has now moved for summary judgment as to Armitage's negligence claim against it.

### III. DISCUSSION

In Indiana, a negligence claim requires: (1) a duty owed to the plaintiff by the defendant; (2) breach of that duty by allowing conduct to fall below the applicable standard of care; and (3) a compensable injury proximately caused by the defendant's breach of duty. *Caesars Riverboat Casino, LLC v. Kephart*, 934 N.E.2d 1120, 1123 (Ind. 2010). "Absent a duty there can be no negligence or liability based upon the breach." *Kephart*, 934 N.E.2d at 1123. "It is the exclusive

province of the court to determine whether the relation existing between the parties gives rise to a duty to exercise care." *Gariup Constr. Co., Inc. v. Foster*, 519 N.E.2d 1224, 1228 (Ind. 1988).

In its motion for summary judgment, Swindell Dressler argues that because it "did not install the cutting bank portion of the brick making machine and did not design or implement the safety systems which Plaintiff contends caused his injury," then it "could not owe a duty to Plaintiff." Docket No. 81 at 12. In short, Swindell Dressler alleges that Armitage has not established the duty element of his negligence claim so that claim must fail.

In response, Armitage points to the contract between Swindell Dressler and Brickcraft, which provides: "Seller [Swindell Dressler] reserves the right to subcontract and/or assign any portions of the Work covered by this Contract, but Seller [Swindell Dressler] will remain responsible for any work which is subcontracted." Docket No. 91 Ex. 1 at 2. According to Armitage, even though Swindell Dressler did not design, manufacture, or install the cutter, by virtue of its contract with Brickcraft, Swindell Dressler is liable for Apex's allegedly negligent installation.

The contract that Armitage cites was between Swindell Dressler and Brickcraft. Armitage has not introduced any evidence indicating that he was a party to that contract and has not argued that he is a third-party beneficiary of Swindell Dressler's promise to remain responsible for Apex's work. Summary judgment is the "'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Schacht v. Wis. Dep't of Corrs.*, 175 F.3d 497, 504 (7th Cir. 1999). Because Armitage has failed to demonstrate that Swindell Dressler owed him a duty, Swindell Dressler's motion for summary judgment is **GRANTED** as to Armitage's negligence claim.

4

## CONCLUSION

For the foregoing reasons, Defendant Swindell Dressler's Motion for Partial Summary Judgment (Docket No. 80) is **GRANTED** with regard to the Plaintiff's negligence claim. The Plaintiff's claim under the Indiana Product Liability Act remains pending against Defendant Swindell Dressler.

SO ORDERED: 05/13/2011

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Paul Thomas Belch
Travelers Staff Counsel
pbelch@stpaultravelers.com

Gerald H. McGlone
McGlone Law
jerry@2344000.com

Thomas Edward Rosta
Metzger Rosta LLP
Tom@metzgerrosta.com